### EASTERDAY v EASTERDAY

Ohio Appeals, 2nd Dist, Clark Co

No 361.    Decided Jan 15, 1936

Olinger & Olinger, Springfield, for plaintiff in error.

R. Stanley Lucas, Springfield, for defendant in error.

### OPINION

By BODEY, J.

In this error proceeding from the Common Pleas Court the parties occupy the same positions as in the lower court and will be referred to as such.

The action below was one for divorce and alimony. The court granted plaintiff a divorce, made a division of the property of the parties, and awarded to defendant the one-half interest of plaintiff in a certain running stock account in the Merchants & Mechanics Savings & Loan Association as alimony, the defendant already owning the other one-half thereof. Error was prosecuted to this court from the order awarding defendant this running stock account. On March 26, 1935 a mandate was sent by this court to the Court of Common Pleas, in which it reversed the lower court upon the question of this allowance to defendant this court having held that the lower court committed error in making his award to defendant "without, first, finding that said co-defendant below * * * was the owner of little or no property, and the * * * plaintiff below * * * was the owner of lands, or personal estate, or both." The cause was remanded for further proceedings and judgment.

On April 13, 1935 the plaintiff moved "the court for an order on the co-defendant, The Merchants & Mechanics Savings & Loan Association of Springfield, Ohio, directing it to execute and deliver to plaintiff and the defendant, Orville R. Easterday, each a new book for one-half of said joint running stock account."

On June 10, 1935 The Merchants & Mechanics Savings & Loan Association filed an answer in the nature of an interpleader, in which it prayed for the court to "direct it as to who is entitled to the ownership and control of said account."

On June 21, 1935 an application for a change of venue under §12000 GC was filed by the plaintiff, which she supported by her affidavit.

On July 9, 1935 written charges in contempt were filed against the defendant and on the same date an order of arrest in contempt was issued.

By entry filed September 24, 1935 the contempt charges were disposed of by the court and the court directed that its order of disposition be entered as of July 11, 1935.

Three other orders in the case were entered by the court under date of September 24, 1935. In the first of these orders the court overruled the motion which had been filed on April 13, 1935. Its next order under this date was as follows:

"This cause came on to be heard upon the present record and the mandate from the Court of Appeals, Clark County, Ohio,

in cause No. 347, in said Court of Appeals, remanding this cause to this court for further proceedings, and judgment. On consideration thereof and on the present record, this court does judicially determine and make this supplemenal order and entry, in addition to the orders and entries heretofore made in this cause, that Orville R. Easterday, the defendant herein and the former husband of the plaintiff herein, on the 21st day of July, 1934, and on the 1st day of August, 1934, was the owner of little or no property and that Georgia Easterday, the plaintiff herein and the former wife of the defendant herein, was on the 21st day of July, 1934, and on the 1st day of August, 1934, the owner of lands and personal estate."

In its third order on this date the court disposed of the application for a change of venue thus:

"Upon consideration thereof the court overrules and denies the same for the reason that this cause has heretofore been fully tried, heard and submitted before this court and a final judgment under the law and the evidence, and upon the merits, has heretofore been rendered by this court in this cause."

A motion to set aside the entry of September 24, 1935, in which the court made its finding concerning the property of the parties and in which it overrules the motion for a change of venue, and to grant a new trial was duly filed and overruled. Error is now prosecuted from this action of the court. The plaintiff complained particularly of the action of the court in not re-assigning said cause for trial and in not passing upon the application for a change of venue. It is also claimed that the findings of the court are not sustained by the evidence and are manifestly contrary thereto.

The record does not disclose that any application for assignment of the case was ever filed. No error may be predicated upon the failure of the court to set the case for trial unless the plaintiff was prejudicially affected by the action which was taken by the court. In our opinion remanding the case the court said:

"We would further say by way of interpretation of this order on remand for further proceedings according to law, that, if the trial court on the present record can judicially determine and make supplement-

al order and entry that husband has little property, this would be within the court's power and cure of the error."

It would appear that the trial court adopted the suggestion of this court because the language set out in its journal entry is very similar to that used in our opinion. We have examined this record and are not able to say that the trial court erred in judicially determining from the record that the defendant was the owner of little or no property and that plaintiff was the owner of lands and personal estate. The finding of the court is sustained by the evidence and is not manifestly against the weight thereof.

Did the court err in entering this order of September 24, 1935, when there had been filed and apparently was before it an application for a change of venue? It would seem that the provisions of §12000 GC are mandatory and that it becomes the duty of a court to grant a motion for change of venue when the same is filed under this section. What effect is to be given to the language of the entry overruling the motion for change of venue wherein it is stated: "This cause has heretofore been fully tried, heard and submitted, etc?" There is nothing in the record which tends to refute the statement contained in this entry that the case had theretofore been fully determined. The only fact apparent which would tend to show that the cause had not been disposed of is the appearance on the record of the motion for a change of venue. We do not believe that this alone is sufficient to impeach the truth of the entry.

"A court speaks through its records alone; it is, therefore, a long established general rule that in judicial proceedings of a court of record of competent jurisdiction the record is conclusive and imports absolute verity." 35 O. J. 17, §14.

In view of this general rule we must conclude that the lower court properly overruled the motion for a change of venue because the entire matter before it had already been fully adjudicated.

The court has examined the other claimed errors set out in the petition in error. It is our opinion that there is no prejudicial error in the record and that substantial justice has been accomplished between the parties. The judgment of the Com-

mon Pleas Court is, accordingly, affirmed.

The defendant was ordered by this court to pay the costs of the former error proceeding. The plaintiff is ordered to pay the costs of this proceeding. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

Decided Feb 4, 1936

By THE COURT

This cause is now submitted on an application for rehearing and supplement thereto filed by the plaintiff in error. All of the grounds set forth in this application were considered by the court at the original hearing. The court has again considered the matters presented and has concluded that its original opinion was correct and that it should adhere thereto. The application will, therefore, be overruled.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.